UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LANE CODER PHOTOGRAPHY, LLC,

        Plaintiff,

 -v-                                                                 No. 22-CV-5071-LTS

THE HEARST CORPORATION & YAHOO INC.,

        Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

        Plaintiff Lane Coder Photography, LLC ("Plaintiff" or "Coder") brings this copyright action against Defendants the Hearst Corporation ("Hearst") and Yahoo Inc. ("Yahoo") (collectively, "Defendants"), alleging that Defendants used Plaintiff's original copyrighted photographs without authorization, in violation of federal copyright law (17 U.S.C. § 101 et seq.) and the Digital Millennium Copyright Act (17 U.S.C. § 1202(a) ("DMCA")).  (See docket entry no. 7 ("Compl.").)  Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), in the alternative, move to strike certain allegations in the Complaint pursuant to Federal Rule of Civil Procedure 12(f), and request attorneys' fees.  (Docket entry no. 20 (the "Motion").)  The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1338(a).  The Court has considered the parties' submissions carefully and, for the following reasons, the Motion is granted in part and denied in part.

BACKGROUND

The following summary of relevant facts is drawn from the Complaint, the well-pleaded factual content of which is taken as true for purposes of this motion practice.[1] Plaintiff is a limited liability company owned by Mr. W. Lane Coder, Jr., which was formed by Mr. Coder for purposes of managing the licensing of his photographic works.  (Compl. ¶ 2.)  Mr. Coder is an experienced professional photographer, whose work frequently appears in large-scale online advertising campaigns.  (Id. ¶ 10.)  In 2019, Mr. Coder was commissioned by William Pitt and Julia B. Sotheby's International Realty ("Sotheby's") to photograph a piece of real estate in Connecticut, known as Greenacre, which was owned by musician Paul Simon and his wife Edie Brickell.  (Id. ¶ 11.)  On April 22, 2019, Mr. Coder took numerous photographs of the Greenacre estate, including photos of the home's exterior, interior, and grounds ("the Photos"), which he delivered to Sotheby's.  (Id. ¶ 12, Compl. Exhibits A & B.)  Pursuant to the parties' agreement, Sotheby's was to use the Photos solely for purposes of Sotheby's own advertising in connection with the sale listing for Greenacre (such as on Sotheby's website and its social media accounts), as well as one limited use of the Photos in the Wall Street Journal.  (Id.)  Sotheby's did not have a contractual right to sub-license the Photos or otherwise transmit them to third parties.  (Id.)  Mr. Coder subsequently obtained a group copyright registration of the Photos, which has an effective registration date of August 27, 2019, and the registration was thereafter assigned to Plaintiff.  (Id. ¶ 13; Compl. Exhibit A.)

---

[1]   The Court has also considered factual matter drawn from documents which are integral to, attached to, or incorporated by reference in the Complaint.  See DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) ("[E]xtrinsic documents may be considered as part of the pleadings if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint.").

On April 24, 2019, Hearst published an online article as part of its House Beautiful publication, entitled "Mrs. Robinson Singer Paul Simon's Connecticut Home Is on the Market," which reproduced and displayed at least eight of the Photos taken by Mr. Coder. (Id. ¶ 15, Compl. Exhibit B (the "HB Article").) Each of the Photos featured in the HB Article included an embedded photo credit, attributing the photo to "Sotheby's International Realty," and the HB Article also included a hyperlink to the real estate listing on the Sotheby's website. (HB Article at 2-9.) On July 9, 2019, Hearst published another online article as part of its Stamford Advocate publication, entitled "Paul Simon lists New Canaan estate," which reproduced and displayed at least one of the Photos taken by Mr. Coder. (Compl. Exhibit B (the "SA Article").) The SA Article failed to include any attribution for the Photos, but it did include a hyperlink to a Wall Street Journal article about the listing. (SA Article at 1-2.) Plaintiff did not authorize Hearst to display or utilize the Photos. (Compl. ¶ 17.)

On April 24, 2019, Yahoo published an online article, on Yahoo! News, entitled "'Mrs. Robinson' Singer Paul Simon's Home Is on the Market, and the Music Room is Bananas," which reproduced and displayed at least one of the Photos taken by Mr. Coder. (Id. ¶ 18, Compl. Exhibit C (the "Yahoo Article").) In the Yahoo Article, Yahoo failed to include any attribution for the Photos, but indicated that the article was sourced "from House Beautiful" and included a hyperlink to the HB Article. (Yahoo Article at 1.) Yahoo subsequently informed Plaintiff that it had received the Photos and content for its article from Hearst, pursuant to a content license agreement; Hearst has acknowledged this agreement with Yahoo and stated that it would be indemnifying Yahoo in connection with this matter. (Compl. ¶ 19.)

Plaintiff did not authorize Yahoo to display or utilize the Photos and did not authorize Sotheby's (or Hearst) to sub-license the Photos to anyone. (Id. ¶¶ 20-23.) Sotheby's informed Plaintiff that it did not provide the Photos to Hearst, nor did it agree to allow Hearst to

further sub-license the Photos to third parties such as Yahoo.  (Id. ¶¶ 26-27.)  Plaintiff alleges, upon information and belief, that Hearst obtained the Photos from Sotheby's website and subsequently removed Mr. Coder's Copyright Management Information ("CMI"), authorship and ownership credits.  (Id. ¶¶ 25-28.)  Plaintiff alleges that the actions of Hearst and Yahoo have deprived him of significant licensing revenue and seeks to recover damages against both companies.  (Id. ¶ 32.)  Defendants move to dismiss the complaint.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. (citation omitted), but a complaint that contains only "naked assertions" or "a formulaic recitation of the elements of a cause of action" does not suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "In deciding a Rule 12(b)(6) motion, a court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff."  Sara Designs, Inc. v. A Classic Time Watch Co. Inc., 234 F. Supp. 3d 548, 554 (S.D.N.Y. 2017).

Plaintiff brings three categories of claims against the Defendants here, asserting (1) one count of direct copyright infringement against Hearst and Yahoo for displaying the Photos; (2) one count of contributory copyright infringement against Hearst for providing the Photos to Yahoo; and (3) two counts of knowingly and intentionally misattributing the Photos under the DMCA against Hearst.  Defendants assert that Plaintiff's claims fail as a matter of law, primarily arguing that Plaintiff cannot demonstrate that either Hearst or Yahoo acted knowingly

or intentionally in displaying the Photos without attribution, and that Plaintiff cannot demonstrate that he suffered any damages as a result of the use. The Court concludes that Plaintiff has plausibly stated a claim for direct infringement and contributory infringement, but that Plaintiff has not plausibly stated a claim for DMCA violations.

Direct Copyright Infringement Claim (as to all Defendants)

To establish a violation of the Copyright Act under 17 U.S.C. section 501 ("Infringement of Copyright"), a plaintiff must demonstrate (1) ownership of a valid copyright and (2) defendant's infringement—that is, "copying" of original elements of the copyrighted work. See Arista Records LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010). As for the first element, Plaintiff attached to the Complaint a copyright registration certificate which was issued to Mr. Coder for the Photos, with an effective date of August 27, 2019.[2] (See Compl. Ex. A.) "The Copyright Act makes a certificate of registration from the U.S. Register of Copyrights prima facie evidence of the valid ownership of a copyright." Rogers v. Koons, 960 F.2d 301, 306 (2d Cir. 1992) (citing 17 U.S.C. § 410(c)).

Defendants assert that Plaintiff has not sufficiently alleged who owned a copyright in the Photos—Mr. Coder, or Plaintiff (i.e., the LLC created by Mr. Coder). The Court finds this argument unavailing and concludes that Plaintiff has adequately alleged ownership of the copyright. The Complaint alleges that "Mr. Coder obtained copyright registrations in the

---

[2] The Court notes that Plaintiff's copyright in the Photos was not obtained until after the alleged infringement had already occurred. This is not, however, fatal to Plaintiff's copyright claims because, "[a]lthough registration of a work with the Copyright Office is a precondition to filing a suit for infringement under the Copyright Act, such registration 'is not a condition of copyright protection.'" Brooks v. Dash, 454 F. Supp. 3d 331, 341 n.14 (S.D.N.Y. 2020), subsequently aff'd, 852 F. App'x 40 (2d Cir. 2021) (citations omitted). Thus, a plaintiff may "properly seek[] damages for pre-registration infringement." Id.

Photographs" and that subsequently "the registration has been assigned to Plaintiff, which is now the owner of the copyrights in the Photographs."  (Compl. ¶ 13.)

As for the second element of the direct infringement claim, Plaintiff must show "copying" of the works, which is "shorthand for the infringing of any of the copyright owner's five exclusive rights described in [17 U.S.C.] § 106."  <u>Arista</u>, 604 F.3d at 117 (internal quotation omitted).  The instant case concerns the copyright owner's exclusive right "to reproduce the copyrighted work in copies."  17 U.S.C. § 106(1).  Here, the Complaint indicates that Defendants infringed Plaintiff's copyright by reproducing and publicly displaying unauthorized copies of the Photos in the three infringing articles (<u>i.e.</u>, the HB Article, the SA Article, and the Yahoo Article).  Defendants do not appear to dispute that such reproduction occurred or that it constituted infringement.  Instead, Defendants argue that Plaintiff cannot make out a violation of the Copyright Act because the Complaint does not adequately allege that Plaintiff suffered any injury due to the infringement.  This argument is also unavailing, because showing "[t]he existence of damages suffered is not an essential element of a claim for copyright infringement," especially at the motion to dismiss stage.  See <u>On Davis v. The Gap, Inc.</u>, 246 F.3d 152, 158-59 (2d Cir. 2001), <u>as amended</u> (May 15, 2001) (concluding that the "owner of a copyright is thus entitled to prevail in a claim" for infringement "without showing entitlement to monetary relief").  In any event, Plaintiff has adequately alleged that it suffered injury due to the infringement, as the Complaint states that the infringing actions of Defendants deprived Plaintiff of licensing revenue and "caused significant monetary harm."  (Compl. ¶ 32.)  Plaintiff has accordingly pleaded both elements of copyright infringement sufficiently.  See <u>Yash Raj Films (USA), Inc. v. Bobby Music Co. & Sporting Goods</u>, No. 01-CV-8378-JFB-CLP, 2006 WL 2792756, at *9 (E.D.N.Y. Sept. 27, 2006) ("[U]nder the copyright law, once a plaintiff has established ownership of the exclusive copyrights in a work and has established that defendant

infringed upon those copyrights, defendant's 'liability is absolute.'") (citation omitted).  The motion to dismiss is denied as to the direct infringement claims.

Contributory Copyright Infringement Claims (as to Defendant Hearst)

"Although the Copyright Act does not expressly render anyone liable for infringement committed by another, doctrines of secondary liability, such as contributory copyright infringement, emerged from common law principles and are well established in law." Lefkowitz v. John Wiley & Sons, Inc., No. 13-CIV-6414-KPF, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (citation and quotation marks omitted).  As an initial matter, to plead a viable claim for contributory copyright infringement, a plaintiff must adequately "plead a claim for direct infringement."  Id.; see also Faulkner v. Nat'l Geographic Enters. Inc., 409 F.3d 26, 40 (2d Cir. 2005) ("[T]here can be no contributory infringement absent actual infringement.").  As discussed above, Plaintiff has stated a claim for direct infringement by Defendants with respect to the unauthorized reproduction and display of his Photos in the three articles.

As for the main elements of a contributory infringement claim, a defendant "may be held liable for contributory copyright infringement if, with knowledge of the infringing activity, it materially contributes to the infringing conduct of another."  Arista Recs. LLC v. Lime Grp. LLC, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011) (citations and quotation marks omitted).  Specifically, to establish such a claim, a plaintiff "must show that the defendant (1) had actual or constructive knowledge of the infringing activity, and (2) encouraged or assisted others' infringement[.]"  Id.  Further, the defendant's participation in the infringing activity "must be material to give rise to a claim for contributory infringement"—a defendant who is only "peripherally involved" in infringement by another will not be liable.  Id. (emphasis added).

Plaintiff here alleges that Defendant Hearst engaged in contributory infringement when Hearst distributed copies of the Photos to Yahoo (pursuant to the content license agreement between Hearst and Yahoo), thereby materially assisting in Yahoo's infringement.  Hearst argues that Plaintiff cannot state a claim for contributory infringement because Plaintiff cannot meet the knowledge element of this cause of action—specifically, Hearst argues that Plaintiff cannot show that Hearst knew that the Photos constituted infringing material when it provided them to Yahoo.

The primary issue thus becomes the extent of Hearst's knowledge.  "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who know or have reason to know of the direct infringement." Arista, 604 F.3d at 118. "Willful blindness [to the infringement] is not an excuse, and is sufficient to satisfy the knowledge requirement." Michael Grecco Prods., Inc. v. Valuewalk, LLC, 345 F. Supp. 3d 482, 513 (S.D.N.Y. 2018).  The Complaint alleges that Hearst's knowledge can be inferred from Plaintiff's allegations that (1) Sotheby's did not provide the Photos to Hearst or otherwise authorize Hearst to use the Photos in its articles; and (2) Hearst improperly obtained the Photos from the Sotheby's website.  (Compl. ¶¶ 26-30.)  Although these allegations are sparse, drawing all reasonable inferences in Plaintiff's favor, these allegations are just sufficient to permit the Court to infer that Hearst had reason to know that the Photos were infringing material when it provided them to Yahoo.

Moreover, courts have concluded that, when a defendant directly provides another with the means to commit infringement, the inference that the defendant acted with knowledge is strengthened.  See, e.g., Agence France Presse v. Morel, 769 F. Supp. 2d 295, 304 (S.D.N.Y. 2011) ("If a defendant has knowingly provided the very means by which infringement occurs, the knowledge of the direct infringement will be difficult to deny.") (citation omitted); Davis v. Blige, 505 F.3d 90, 106 n.13 (2d Cir. 2007) (noting that "one who grants a license without

holding any interest in the copyright at the time the license is granted" can be held "liable for infringement committed by his unauthorized licensees under a theory of contributory infringement"). Here, Plaintiff alleges that Hearst directly and materially aided in Yahoo's infringement by providing Yahoo with the infringing Photos under a licensing arrangement, further supporting an inference that Hearst acted with knowledge. Plaintiff has thus adequately alleged that Hearst had constructive knowledge of the infringing activity, and materially assisted in Yahoo's infringement, by providing the Photos to Yahoo pursuant to a licensing agreement when Hearst had no basis for believing that it had a right to use or distribute the Photos. The motion to dismiss is denied as to the contributory infringement claims.

DMCA Claims (as to Defendant Hearst)

"The DMCA 'protects against the removal or alteration of copyright management information ('CMI').'" Hirsch v. Sell It Soc., LLC, No. 20-CV-153-LTS-BCM, 2020 WL 5898816, at *3 (S.D.N.Y. Oct. 5, 2020). CMI is defined in part as "identifying information about the author of a work 'conveyed in connection with' the work," id., and includes, inter alia, "the title or identifying information of the work, author or copyright owner, the terms and conditions of use of the work, and identifying numbers or symbols referring to such information." BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (citing 17 U.S.C. § 1202(c)). To establish a claim for unlawful removal or alteration of CMI, a plaintiff must show "(1) the existence of CMI on the [infringed work]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." Banxcorp, 723 F. Supp. 2d at 609.

Plaintiff alleges here that its Photos featured CMI when they were provided to Sotheby's, and that Hearst unlawfully removed and altered Plaintiff's CMI when it reproduced

and displayed the Photos on its websites.  Hearst primarily disputes the final element, arguing that Plaintiff has not adequately established that any CMI alteration or removal was conducted intentionally or, indeed, by Hearst at all.  The Court, however, concludes that Plaintiff's claims must fail (as currently pled) because Plaintiff has not sufficiently alleged the threshold element of a CMI removal or alteration claim—that the original infringed work featured any CMI.

"To qualify as CMI, information must be 'conveyed in connection with' the copyrighted work." Lixenberg v. Complex Media, Inc., No. 22-CV-354-RA, 2023 WL 144663, at *4 (S.D.N.Y. Jan. 10, 2023) (citing 17 U.S.C. § 1202(c)).  The CMI does not need "to appear on the work itself," but it must "be accessible in conjunction with, or appear with, the work being accessed." Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 377-78 (S.D.N.Y. 2019) (citations omitted), aff'd, 970 F.3d 167 (2d Cir. 2020).  The essential purpose of CMI "is to inform the public that something is copyrighted." Roberts v. BroadwayHD LLC, 518 F. Supp. 3d 719, 737 (S.D.N.Y. 2021).  Common examples of CMI in the context of online photographs include "watermarks" (placing the name of the copyright owner on the photograph itself) and "gutter credits" (placing the name of the copyright owner on a separate line of text below the photograph, but above the article text).  See Mango v. BuzzFeed, Inc., 970 F.3d 167, 169-73 (2d Cir. 2020) (gutter credits); Michael Grecco Prods., Inc. v. Alamy, Inc., 372 F. Supp. 3d 131, 138 (E.D.N.Y. 2019) (watermarks).

Courts have concluded that a plaintiff fails to state a claim for CMI alteration or removal when the complaint does not provide sufficient detail regarding what the CMI looked like, where it was featured, or whether the work was ever published with the CMI.  For example, in Lixenberg v. Complex Media, Inc., No. 22-CV-354-RA, 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023), the plaintiff was a photographer who alleged that the defendant improperly removed and altered her CMI when it displayed her copyrighted photograph on its website.  Id. at *1-2.  The

court dismissed this claim, after concluding that the complaint was "devoid of any allegation regarding the existence of CMI on the allegedly infringing work." Id. at *4.  The complaint had simply alleged, "in a conclusory fashion," that the photograph was "routinely published [by defendant] without attribution, credit, and other [CMI] identifying plaintiff as the author"—but the complaint failed to "offer a single example of the Subject Photograph ever being published with her CMI, nor does she specify what CMI existed on the Subject Photograph that Defendants allegedly removed." Id. (emphasis added).  The court further noted that "the image of the Subject Photograph" that plaintiff had appended to her complaint did not "display any discernible CMI." Id.  Thus, given that the plaintiff had not "plausibly pled the existence of CMI on the Subject Photograph in the first place," the court dismissed the claim. Id.  Similarly, in Janik v. MediaPost Commc'ns, Inc., No. 16-CV-05872-ALC, 2017 WL 2735578 (S.D.N.Y. June 26, 2017), the court concluded that the plaintiff's "sparse allegations" regarding the existence of CMI on his photograph were "insufficient to establish [defendant's] liability" because the complaint did not specify what CMI the defendant "allegedly removed or altered." Id. at *3.  The court also rejected the plaintiff's argument that the mere fact of the defendant's "publication of the photograph without attribution" could allow the court to infer the existence of CMI on the original photograph, concluding that this was "mere supposition" and "not a reasonable inference from the evidence offered." Id.

   In contrast, courts have determined that a plaintiff sufficiently alleges the existence of CMI on a photograph when the plaintiff attaches exhibits showing both the plaintiff's original photo (with its original CMI) and the defendant's allegedly infringing photo (with the CMI altered/removed).  See, e.g., Gattoni v. Tibi, LLC, 254 F. Supp. 3d 659, 660-64 (S.D.N.Y. 2017) (plaintiff sufficiently alleged the existence of CMI by attaching exhibits showing that her original photograph included a copyright notice in the caption, and showing

that the defendant "omitted the copyright notice" when it reproduced the photo); McGlynn v. Towers Investors.com Inc., No. 19-CIV-00089-PAE-GWG, 2021 WL 1777758, at *4 (S.D.N.Y. May 5, 2021) (plaintiff sufficiently alleged the existence of CMI by "alleging the photograph was originally published with [plaintiff's] name in the gutter credit and by attaching the original article with the gutter credit" and by "alleging that [defendant] published the photograph to its website" without including the gutter credit).

Here, the Complaint alleges in a summary fashion that "when Mr. Coder transmitted the Photographs to Sotheby's, he included his CMI, including his authorship and ownership credits." (Compl. ¶ 24.) While the Complaint includes exhibits that show Defendant's reproduction of the Photos on their websites (see Exhibits B & C), the Complaint does not include any exhibit showing the original Photos or their CMI. Plaintiff also does not include any description of what this original CMI looked like, where it was located in relation to the Photos, or via what means the Photos were transmitted to Sotheby's—the court is simply left to guess. Thus, Plaintiff has not made a sufficient showing as to whether its CMI was "accessible in conjunction with, or appear[ed] with, the work being accessed" when Defendants acquired the Photos. Mango, 356 F. Supp. 3d at 378. Furthermore, because the Complaint does not describe what the original CMI looked like, the Court is unable to ascertain whether Hearst altered or removed that CMI when it reproduced the Photos. Accordingly, because Plaintiff has not plausibly pled the existence of any CMI on the original Photos that it submitted to Sotheby's and has offered nothing to explain how Hearst would have had access to the CMI in the first place before removing it, Plaintiff's DMCA claims fail and are dismissed. The dismissal is without prejudice, however, and Plaintiff may move for leave to amend these claims to include further details with respect to Defendants' alleged knowledge and removal of the Photos' CMI.

Attorneys' Fees and Statutory Damages

Finally, the parties dispute whether Plaintiff is entitled to any statutory damages or attorneys' fees with regard to its direct and contributory infringement claims, given the timing of Plaintiff's copyright registration.  Plaintiff alleges that it is entitled to recover statutory damages, costs, and attorneys' fees under 17 U.S.C. sections 504 and 505, while Defendants argue that Plaintiff's belated registration of its copyright precludes any award of such damages and fees.

The Copyright Act provides that "a copyright infringer is liable for either the copyright owner's actual damages or statutory damages," and also provides that "a court may award reasonable attorney's fees to the prevailing party in a copyright action."  Crowley v. Jones, 608 F. Supp. 3d 78, 89 (S.D.N.Y. 2022) (citing 17 U.S.C. §§ 504(a), 505).  However, 17 U.S.C. section 412 precludes an award of statutory damages or attorney's fees "for any act of infringement commenced prior to the effective date of registration of the asserted copyright."  Id. (quoting Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1012 (2d Cir. 1995); 17 U.S.C. § 412).  Here, the infringing incidents mentioned in the Complaint occurred in April and July of 2019, while the Plaintiff's copyright registration did not become effective until August 27, 2019.  (Compl. ¶¶ 15-18, Exhibit A.)  It thus appears that section 412 would preclude Plaintiff from recovering statutory damages and attorneys' fees.

Plaintiff argues, however, that any damages determination would be premature, because it is possible that further infringements may have occurred after the date of registration. Plaintiff asserts a "reasonable belief that it may uncover additional infringements during the discovery process," given that "multiple Hearst affiliates infringed Plaintiff's photographs" and given the "interconnected nature of sophisticated media conglomerates such as [Defendants]."

(Pl. Opp. at 23-24.)  This argument is unavailing.  A plaintiff cannot plead entitlement to recovery based on the mere "possibility that as plaintiff might later establish some 'set of undisclosed facts' to support recovery."  Twombly, 550 U.S. at 561.  Moreover, courts in this district have rejected precisely this argument.  In Shihab v. Complex Media, Inc., No. 21-CV-6425-PKC, 2022 WL 3544149 (S.D.N.Y. Aug. 17, 2022), the plaintiff similarly argued that, although the alleged infringement predated his copyright registration, "dismissal of his claims for statutory damages, attorney's fees, and costs would be premature at this stage, in case discovery reveals that [defendant] again published [plaintiff's] work after the date of the registrations." Id. at *7.  The court rejected the argument, concluding that dismissal of the claims was proper because "as alleged, the [complaint] does not contain any factual allegations of post-registration infringement."  Id.; see also Gaffney v. Muhammad Ali Enters. LLC, No. 20-CIV-7113-GBD-OTW, 2021 WL 3542256, at *1 n.1 (S.D.N.Y. Aug. 10, 2021) (concluding that the plaintiff was "precluded from seeking statutory damages and attorneys' fees" because the complaint "only alleges acts of pre-registration infringement and makes no mention of post-registration infringement").  Because the Complaint here does not allege any specific incidents of post-registration infringement, the Court concludes that Plaintiff cannot recover statutory damages, attorneys' fees, or costs for the alleged incidents of direct and contributory infringement by Defendants.  Accordingly, to the extent that Plaintiff demands attorneys' fees, costs, and statutory damages under the Copyright Act, such demands are hereby stricken from the Complaint.

CONCLUSION

For the reasons explained above, the motion to dismiss is granted in part and denied in part. The motion to dismiss is denied as to Plaintiff's claims for direct copyright infringement (as asserted in Count One) and contributory copyright infringement (as asserted in Count Two); but is granted as to Plaintiff's DMCA claims (as asserted in Counts Three and Four). Plaintiff's DMCA claims are dismissed without prejudice, and Plaintiff is granted permission to move for leave to replead these claims in an amended complaint, which motion must be filed within 30 days from the date of this Memorandum Order. The proposed amended complaint must be attached to the motion and must plead plausibly facts supporting the DMCA claims. Should Plaintiff fail to file a motion for leave to amend within 30 days of the issuance of this Memorandum Order, or should such motion be denied as futile, Counts Three and Four of the Complaint shall be dismissed with prejudice. To the extent that Plaintiff demands attorneys' fees, costs, and statutory damages under the Copyright Act, such demands are hereby stricken from the Complaint.

This Memorandum Order resolves docket entry no. 20. This case shall be referred to a magistrate judge for general pretrial management, by separate order.

SO ORDERED.

Dated: September 8, 2023
New York, New York

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge