UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LANE CODER PHOTOGRAPHY, LLC,

                Plaintiff,

  -v-                                                          No. 22-CV-5071-LTS-SN

THE HEARST CORPORATION, HEARST
MAGAZINE, INC., HEARST MAGAZINE
MEDIA, INC., HEARST MEDIA SERVICES
CONNECTICUT, LLC, HEARST
COMMUNICATIONS, INC., & YAHOO INC.,

                Defendants.

-------------------------------------------------------x

## ORDER FOR SUPPLEMENTAL BRIEFING

        Pending before the Court is a motion for partial dismissal (docket entry no. 90 (the "Motion")) of the operative first amended complaint (docket entry no. 72 ("First Amended Complaint" or "FAC")), filed by The Hearst Corporation ("Hearst Corp."), Hearst Magazine, Inc. ("HMI"), Hearst Magazine Media, Inc. ("HMMI"), Hearst Media Services Connecticut, LLC ("HMSC"), and Hearst Communications, Inc. ("HCI," and collectively, the "Hearst Defendants"). In connection with the instant motion practice, the Court requires supplemental briefing on the following issue:

        Plaintiff Lane Coder Photography, LLC ("Plaintiff") asserts that the Hearst Defendants provided false copyright management information ("CMI") in connection with both the House Beautiful and Stamford Advocate articles at issue in the FAC, in violation of Section 1202(a) of the Digital Millenium Copyright Act ("DMCA"), by including a hyperlink on the respective webpages to terms of use that read, in relevant part:

> 6. Intellectual and Other Proprietary Rights
>
> Your access and use of the [Magazine/Newspaper] Services and Content is for personal and noncommercial purposes only. The rights granted to you in this Agreement are subject to the following restrictions:
>
> The [Magazine/Newspaper] Services include Content that is derived in whole or in part from content or materials supplied and owned by Hearst, Hearst's licensors or third parties. As between Hearst and you, <u>Hearst owns all right, title and interest in and to the copyrights</u>, trademarks, service marks, trade names, patents <u>and all other intellectual and proprietary rights throughout the world associated with the [Magazine/Newspaper] Services and Content</u> except, if applicable, with respect to your User Content (as defined below).

(<u>See</u> FAC ¶¶ 48-49, 57-59; docket entry no. 72-4 ("Exhibit D") at 6-7[1] § 6 (emphasis added) (HMMI Terms of Use, using term "Magazine Services"); docket entry no. 72-5 ("Exhibit E") at 7-8 § 6 (emphasis added) (HMSC Terms of Use, using term "Newspaper Services").)

Plaintiff quotes only the underlined portions of the above text in the FAC. (<u>See</u> FAC ¶¶ 49, 59.) The parties are directed to submit further briefing, of no more than 1,750 words each, as to whether these provisions of the terms of use, read in full context, constitute false CMI for purposes of Section 1202(a) of the DMCA. Plaintiff must submit briefing by **April 17, 2025**. The Hearst Defendants must submit briefing by **April 24, 2025**.

SO ORDERED.

Dated: New York, New York
      April 3, 2025

                                        /s/   Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[1] Pincites use ECF pagination.